[Crim. No. 33324. Second Dist., Div. Three. Mar. 26, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
DANNY LYNN HURT, Defendant and Appellant.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Jerry L. Seiberling, William D. Weiss and H. Reed Webb, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert R. Anderson and Elizabeth A. Baron, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

ALLPORT, J.—Following a plea of nolo contendere to a charge of violating Penal Code section 245 subdivision (a) (assault by means of force likely to produce great bodily injury), Danny Lynn Hurt was found not guilty by reason of insanity and eventually committed to the California Department of Mental Health for placement in a state hospital for a minimum of 90 days. Hurt has appealed from the order of commitment. The appeal lies. (Pen. Code, § 1237, subd. 1; *People* v. *Vanley* (1974) 41 Cal.App.3d 846, 848, fn. 1 [116 Cal.Rptr. 446].)

*Issues*

The issue before us involves interpretation of Penal Code section 1026 and is succinctly stated by defendant to be ". . . whether the superior court has the discretion to place a defendant, who has been found not guilty by reason of insanity and who has not fully recovered his sanity, in an outpatient treatment program rather than in a state hospital or a mental health facility, where the evidence supports the former disposition."

*Facts*

It appears without conflict that defendant was found not guilty by reason of insanity of a crime which posed a threat of bodily harm to another person. It was also determined that defendant had not regained his sanity and was in need of outpatient treatment at a proper health facility. In committing defendant to the state hospital the court expressed the opinion that "defendant could be treated successfully on an outpatient basis" but concluded, because of the nature of the crime, section 1026 mandated confinement in the state hospital for a minimum of 90 days before he could be released on outpatient treatment.

*Discussion*

In arguing that the court below had discretion to place defendant in an outpatient treatment program defendant points to a part of section 1026 which reads: "If the verdict or finding be that the defendant was insane at the time the offense was committed, the court unless it shall appear to the court that the defendant has fully recovered his sanity shall direct that the defendant be confined in a state hospital for the care and treatment of the mentally disordered or any other appropriate public or private mental health facility approved by the county mental health director, or the court may order the defendant to undergo outpatient treatment as specified in Section 1026.1 of the Penal Code." The above quoted portion of the statute supports the argument but consideration of another portion of the section illustrates the fallacy in defendant's reasoning. Immediately following the above quoted sentence, it is provided that, "if the defendant has been found guilty of a felony involving death, great bodily injury, or an act which poses a serious threat of bodily harm to another person, the court shall direct that the defendant be confined in a state hospital or other public or private mental health facility approved by the county mental health director for a minimum of

90 days before such defendant may be released on outpatient treatment pursuant to subdivision (c) of Section 7375 of the Welfare and Institutions Code." Thus a defendant found not guilty of assault by means of force by reason of insanity and who has not regained his sanity *shall* be confined in a state hospital for a minimum of 90 days before he can be released on outpatient treatment. It is a well established rule of statutory construction that the word "shall" connotes mandatory action. (*REA Enterprises* v. *California Coastal Zone Conservation Com.* (1975) 52 Cal.App.3d 596, 606 [125 Cal.Rptr. 201].) The discretionary power to commit or order outpatient treatment is thus expressly limited to cases of nonviolent crimes and is not available where the act involves violence. The history of Penal Code section 1026 as set forth in respondent's brief at pages 5-19 supports this interpretation of the statute.

It is suggested that, if the order of commitment is not reversed, this case should be referred back to the trial court with direction to conduct a hearing to determine whether defendant is presently in need of hospitalization or other confinement because "[t]o place appellant in a state hospital now, after he has remained safely in the community during most of the pendency of his case at the trial level and all of the pendency of his case at the appellate level, obviously would not serve any legitimate or intended purpose of the law, nor would it meet the constitutional mandate of *Jackson* v. *Indiana, supra.*"[1] He acknowledges the constitutionality of the 90-day commitment period pursuant to section 1026 (see *In re Franklin* (1972) 7 Cal.3d 126 [101 Cal.Rptr. 553, 496 P.2d 465]) but simply argues that the reasons for such commitment, as applied to him, have already been satisfied. We agree with the People that for us to remand for a hearing to determine eligibility for outpatient treatment without first requiring defendant to spend at least 90 days in a state hospital would be contrary to section 1026. The primary purpose for hospital commitment under this section is protection of the public. (*Department of Mental Hygiene* v. *Hawley* (1963) 59 Cal.2d 247, 255 [28 Cal.Rptr. 718, 379 P.2d 22].) We are not persuaded to shortcut the protective measures imposed by this commitment procedure with a view to facilitating the early release of one found not guilty of committing a violent crime by reason of insanity.

The order of commitment is affirmed and the cause remanded with directions to vacate the stay of execution previously granted and to

---

[1]The mandate referred to is that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed.

forthwith execute the order of commitment made April 18, 1978, without further hearing on the matter of commitment until defendant has been confined in a state hospital or other mental institution for a minimum of 90 days from the date of commitment thereunder.

Klein, P. J., and Potter, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 5, 1979. Newman, J., was of the opinion that the petition should be granted.